IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LOIS MUNCHEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 12-906-LPS |
| ) | |
| WYETH LLC, f/k/a AMERICAN HOME ) | |
| PRODUCTS CORPORATION, ET AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Pending before the Court are the following: (i) Plaintiff's motion to remand to state court (D.I. 8); (ii) Defendant's motion to stay all proceedings (D.I. 9); and (iii) Plaintiff's motion to expedite briefing and ruling on her motion to remand (D.I. 11). For the reasons stated below, the Court will DENY remand, GRANT a stay, and DENY AS MOOT the request to expedite.

Diversity Jurisdiction

On July 10, 2012, Plaintiff Lois Munchel ("Plaintiff") filed a complaint in the Superior Court of Delaware in and for New Castle County. (D.I. 1 Ex. A)[1] Plaintiff is a citizen of the State of Maryland. (D.I. 1 Ex. A ¶ 2)

Defendant Wyeth LLC, f/k/a American Home Products Corporation ("Wyeth"), is a Delaware corporation alleged to have its principal place of business in New Jersey. (D.I. 1 Ex. A

---

[1] On the same date, three similarly-situated Plaintiffs filed essentially identical lawsuits in the Delaware Superior Court, all of which were removed and are pending in this Court. *See Shirlee Granillo v. Wyeth LLC*, C.A. No. 12-907-LPS; *Christa McNutt v. Wyeth LLC*, 12-908-LPS; *Sara Applebee v. Wyeth LLC*, C.A. No. 12-909-LPS. For the same reasons set forth in this Memorandum Order, the Court will, in each of these other cases, likewise deny remand, enter a stay, and deny expedition as moot.

1

¶ 3) Defendant Wyeth Pharmaceuticals, Inc. ("Wyeth Inc.") is also a Delaware corporation alleged to have its principal place of business in New Jersey. (D.I. 1 Ex. A ¶ 4)

Defendant Pfizer, Inc. ("Pfizer") is a Delaware corporation with its principal place of business in New York. (D.I. 1 Ex. A ¶ 5) In October 2009, Pfizer acquired both Wyeth and Wyeth Inc. (*Id.*)

It is undisputed that there is complete diversity between Plaintiff, a citizen of Maryland, and all Defendants, which are not citizens of Maryland but are, instead, citizens of Delaware, New Jersey, New York, and/or Pennsylvania. (D.I. 1 ¶ 7)[2] Given the nature of Plaintiff's alleged injuries, her complaint places at issue more than $75,000. *See, e.g., In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*, MDL No. 1203, 2000 WL 556602, at *3 (E.D. Pa. Apr. 25, 2000) (stating, in case in which injuries included primary pulmonary hypertension due to ingestion of diet drugs, "it is more likely than not that the jurisdictional amount is exceeded"). Accordingly, there is diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

Plaintiff's Allegations

This is a pharmaceutical product liability case. Plaintiff alleges that she sustained personal injuries as a result of ingesting the prescription diet drugs Pondimin® (also known as fenfluramine) and phentermine. According to the complaint, "[b]eginning on or about July of

---

[2] Defendants assert that Wyeth is a citizen of Delaware and New York, but not New Jersey. (D.I. 1 ¶ 7) Defendants further assert that Wyeth Inc. is a citizen of Delaware and Pennsylvania, but – again – not New Jersey. (*See id.*; *see also Valido-Shade v. Wyeth LLC*, 2012 WL 2861113, at *1 & n.2 (E.D. Pa. July 11, 2012) (stating Wyeth is citizen of New York and Delaware, while Wyeth Inc. is citizen of Pennsylvania and Delaware)) The material point is that none of the Defendants are alleged to be citizens of Maryland, where Plaintiff is a citizen.

2

1992, fenfluramine and phentermine began to be widely prescribed and ingested in a combination popularly known, advertised, promoted and referred to as 'fen-phen.'" (D.I. 1 Ex. A ¶ 8) "Plaintiff was prescribed Pondimin (fenfluramine) and Phentermine in combination by her prescribing physicians in Maryland from about 1995 to 1996" and, "[a]s a result of this exposure, Plaintiff has developed Primary Pulmonary Hypertension." (D.I. 1 Ex. A ¶¶ 32-33) As remedies, Plaintiff seeks compensatory and punitive damages.

The complaint alleges that Wyeth, Wyeth Inc., and Pfizer (collectively, "Defendants") "were in control of the formulation, development, design, testing, creation, manufacture, marketing, labeling, packaging, distribution, supplying, warning about, and sales of fenlfuramine, dexfenfluramine and/or phentermine." (D.I. 1 Ex. A ¶ 10)

Wyeth's Removal

On July 16, 2012, Defendant Wyeth filed a Notice of Removal in the United States District Court for the District of Delaware. (D.I. 1) As of that date, neither Wyeth nor the other Defendants had been served with Plaintiff's complaint. (D.I. 1 ¶ 3) Wyeth had, however, received a copy of the complaint on July 16, 2012. (Id.)[3]

Wyeth removed Plaintiff's action to this Court pursuant to 28 U.S.C. § 1441. In particular, 28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United

---

[3]According to Wyeth, the Superior Court "issued a summons for service as to all named defendants on July 10, 2012, several days before the removal notice presently before this [C]ourt." (D.I. 1 at 5 n.2) Further, according to Wyeth, Defendants were served with the complaint and state court summons on July 25, 2012. (D.I. 18 at 1)

3

> States for the district and division embracing the place where such action is pending.

In turn, 28 U.S.C. § 1441(b)(2) addresses "[r]emoval based on diversity of citizenship," and provides:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title ***may not be removed*** if any of the parties in interest ***properly joined and served*** as defendants is a citizen of the State in which such action is brought.

(Emphasis added) This is commonly known as the "forum defendant rule." *See Hurley v. Motor Coach Industries, Inc.*, 222 F.3d 377, 378 (7th Cir. 2000).

Wyeth contends that removal was proper because, as of the date of removal, "no party in interest properly joined and served as a defendant is a citizen of the State of Delaware, the state in which this action was brought." (D.I. 1 ¶ 13) While one or more of the Defendants is a citizen of the State of Delaware – that is, a "forum defendant" – here no Defendant had been served at the time of removal. Therefore, in Wyeth's view, the § 1441(b)(2) restriction on removal based on diversity jurisdiction is inapplicable.

Plaintiff's Motion to Remand

On July 23, 2012, Plaintiff moved to remand this action back to the Delaware Superior Court, where she had chosen to file her suit in the first place. (D.I. 8) Briefing on the motion to remand was completed on August 9, 2012. (D.I. 18) On July 27, 2012, Plaintiff filed her motion to expedite the briefing and ruling on the motion to remand. (D.I. 11)

Plaintiff argues that remand should be granted because "all of the Defendants in this case are Delaware citizens. Forum defendants cannot manufacture federal jurisdiction by removing a

4

case prior to being served in state court." (D.I. 8 at 1) In Plaintiff's view, the Court should not condone the "type of gamesmanship" in which Defendants are engaged by permitting removal "before Plaintiff could serve any Defendant." (*Id.*)

The MDL and Wyeth's Motion to Stay

Over more than a decade, thousands of actions in multiple jurisdictions have been filed involving common questions of fact related to injuries allegedly arising from ingestion of prescription diet drugs including Pondimin®. *See In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prods. Liab. Litig.*, 990 F. Supp. 834 (J.P.M.L. 1997). In December 1997, the Joint Panel on Multidistrict Litigation ("J.P.M.L.") issued a Transfer Order, pursuant to 28 U.S.C. § 1407, centralizing all pretrial litigation in such actions in the United States District Court for the Eastern District of Pennsylvania. *See id.* (establishing MDL No. 1203) (hereinafter, "MDL No. 1203"). Nearly 10,000 actions have now been transferred to MDL No. 1203 "for coordinated or consolidated pretrial proceedings." (MDL No. 1203 D.I. 3002)

On July 17, 2012, Defendants filed a "Notice of Potential Tag-Along" in MDL No. 1203. (D.I. 10 Ex. A; *see also* MDL No. 1203 D.I. 2999) On July 19, 2012, the J.P.M.L. issued Conditional Transfer Order No. 198 ("CTO-198"), by which it conditionally transferred the instant action (and the three related actions pending in this Court) to MDL No. 1203. (D.I. 10 Ex. B; *see also* MDL No. 1203 D.I. 3002) In CTO-198, the J.P.M.L. states: "It appears that the action(s) on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to [the

Honorable Harvey Bartle, III]." (*Id.*)[4]

On July 25, 2012, Wyeth filed a motion to stay these proceedings – including review of Plaintiff's motion to remand – pending transfer to MDL No. 1203. (D.I. 9)

On July 26, 2012, Plaintiff filed a notice of opposition to CTO-198. (MDL No. 1203 D.I. 3004) Thereafter, on August 6, 2012, Plaintiff filed a motion to vacate CTO-198. (MDL No. 1203 D.I. 3013) Defendants responded with their opposition to Plaintiff's motion to vacate on August 30, 2012. (MDL No. 1203 D.I. 3023) The J.P.M.L. has designated Plaintiff's opposition to CTO-198 to be considered without oral argument on September 20, 2012. (MDL No. 2013 D.I. 3015)

Plaintiff's Motion to Remand Will Be Denied

Having reviewed the parties' briefing and the pertinent authority, the Court has decided to deny Plaintiff's motion to remand. In the Court's view, this case presents essentially the same issue that it decided in *Hutchins v. Bayer Corp.*, 2009 WL 192468 (D. Del. Jan. 23, 2009) (Stark, M.J.). There, the Court held:

> The language of § 1441(b) is plain and unambiguous. It provides that a case in which there is diversity jurisdiction "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Here, there is diversity jurisdiction and "none of the parties in interest properly joined and served as defendants is a citizen" of Delaware, "the State in which [this] action" has been brought. Accordingly, this action "shall be removable" and the motion to remand should be denied.

*Id.* at *11.

---

[4] The Court's authority to remand a removed case survives the issuance of a conditional transfer order. *See State of Rio de Janeiro of Federated Republic of Brazil v. Philip Morris Inc.*, 239 F.3d 714, 715 (5th Cir. 2001).

6

In her attempt to distinguish *Hutchins*, Plaintiff makes three points. First, she emphasizes that courts – including in the District of Delaware – do not universally interpret Section 1441(b) in the same manner as this Court did in *Hutchins*. The Court recognized the substantial divide amongst courts in *Hutchins*. *See* 2009 WL 192468, at *1 ("There are principled reasons to remand, as Hutchins asks that I do, but there are likewise principled reasons to deny remand and require this action to proceed in federal court. The many district courts that have addressed the issue before me have reached conflicting decisions."); *see also id.* at *10-11 (describing conflicting caselaw). Unsurprisingly, that divide has persisted. *Compare, e.g., Laugelle v. Bell Helicopter Textron, Inc.*, 2012 WL 368220, at *2-3 (D. Del. Feb. 2, 2012) (granting remand), *and Hawkins v. Cottrell, Inc.*, 785 F. Supp.2d 1361, 1373 (N.D. Ga. 2011) (same), *with Valido-Shade*, 2012 WL 2861113 (denying remand), *and Regal Stone Ltd. v. Longs Drug Stores California, L.L.C.*, 2012 WL 685756, at *4 (N.D. Cal. Mar. 2, 2012) (same). Notwithstanding the reasonable disagreement amongst jurists who have considered the issue, the undersigned judge continues to adhere to the views expressed in *Hutchins*.[5]

Second, Plaintiff observes that Section 1441(b) was amended in 2011. *See* Pub. L. No. 112-63, § 103 (D.I. 18-3). The prior version of § 1441(b) read: "Any other such action ***shall be removable only if*** none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought" (emphasis added). The current version

---

[5]Plaintiff's suggestion that there is "recent ***dispositive precedent*** from this Court" is misplaced. (D.I. 13 at 2) (emphasis added) As the Third Circuit has made clear, "The doctrine of *stare decisis* does not compel one district court judge to follow the decision of another. Where a second judge believes that a different result may obtain, independent analysis is appropriate." *Threadgill v. Armstrong World Industries, Inc.*, 928 F.2d 1366, 1371 (3d Cir. 1991) (internal quotation marks and citations omitted).

7

reads: "A civil action . . . *may not be removed if any* of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought" (emphasis added).

The amendment does nothing to help Plaintiff's position. Instead, by retaining the "properly joined and served language," the amendment reinforces the conclusion that Congress intended for the plain language of the statute to be followed. *See Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230, 239-40 (2009) ("Congress is presumed to be aware of an administrative or judicial interpretation of a statute and to adopt that interpretation when it re-enacts a statute without change.") (internal quotation marks omitted); *see also Regal Stone*, 2012 WL 685756, at *4 ("[I]t is well-settled that where Congress amends part of a statute and leaves another part unchanged, a court must interpret Congress's inaction as satisfaction with the unamended portion, or at least tolerance of its inadequacies. The Court is therefore bound to take Congress's preservation of § 1441's 'properly joined and served' language as an endorsement.") (internal citation omitted). Additionally, whereas the prior "shall be removable only if" version served to emphasize the burden on the party seeking removal, the current "may not be removed if" language emphasizes that § 1441(b) is an exception to removability.[6]

Finally, Plaintiff interprets *Hutchins* as narrowly focused on the situation in which a non-forum defendant removes a case prior to service on the forum defendants. (D.I. 8 at 4) It is correct that in *Hutchins* there were forum defendants and non-forum defendants, and the removal was accomplished by a non-forum defendant. *See* 2009 WL 192468, at *1 (stating issue was "may an out-of-State defendant (also referred to as a 'non-forum defendant') remove a state court

---

[6] In making this observation, the Court does not hold that there is a substantive difference between the pre- and post-amendment versions of § 1441(b).

action to federal court before a plaintiff has served any defendant, when one of the properly-joined but non-served defendants is an in-State defendant"). However, nothing in the statute limits the opportunity to remove only to non-forum defendants. *See, e.g., Thomson v. Novartis Pharmaceuticals, Corp.*, 2007 WL 1521138, at *3-4 (D.N.J. May 22, 2007) ("[U]nder the plain reading of § 1441(b), removal was not prohibited because **NPC (*a resident of the forum state*)** had not been served when ***it removed this case*** to this Court.") (emphasis added). Moreover, Plaintiff makes all the same arguments against removal that were considered in *Hutchins*, and nothing about the Court's rejection of those arguments turned on whether the removing party was a forum defendant or non-forum defendant.

Wyeth's Motion to Stay Will Be Granted

The J.P.M.L. is scheduled to consider Plaintiff's objections to the conditional transfer order next week. Given the Court's denial of Plaintiff's motion to remand, it is highly likely that this matter will be transferred to MDL No. 1203 for consolidated or coordinated pretrial proceedings, along with nearly 10,000 other similar actions. Under these circumstances, it is appropriate for this Court to stay any further proceedings in this action until after the J.P.M.L. makes its determination. A short stay will simplify (or eliminate) the pretrial issues before this Court, will not affect discovery or any other dates (as none have yet been set), and will not unduly prejudice Plaintiff (who remains free to press her arguments before the J.P.M.L. and, if there is a transfer, before the transferee court). *See generally St. Clair Intellectual Property v. Sony Corp.*, 2003 WL 25283229, at *1 (D. Del. Jan. 30, 2003) (identifying three factors generally considered in connection with motion to stay).

9

Requests for Expedition and Oral Argument

Given that the Court has ruled on the pending motions, Plaintiff's request that the Court expedite briefing and ruling on its motion to remand (D.I. 11) is moot. Likewise, both sides' requests for oral argument (D.I. 16, 17) are moot.

Conclusion

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to remand (D.I. 8) is DENIED.

2. Defendant Wyeth's motion to stay (D.I. 9) is GRANTED. All proceedings are stayed pending the J.P.M.L.'s decision as to whether to transfer this case to MDL No. 1203.

3. Plaintiff's motion to expedite (D.I. 11) is DENIED AS MOOT.

UNITED STATES DISTRICT JUDGE

10